UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELLA MARTINEZ, for herself and as
mother and next friend of FABIAN MARTINEZ,
a minor, DAVID DOMINGUEZ, DINA TENORIO
for herself and as mother and next friend to CODY
TENORIO, RALPH CHAVEZ and AMADO
GONZALES,

      Plaintiffs,

      v.                                                  CIV NO. 99-938 DJS

COUNTY OF SANDOVAL, SANDOVAL COUNTY
SHERIFF'S DEPARTMENT, SHERIFF RAY
RIVERA, Individually and in his capacity as Sheriff
of the Sandoval County Sheriff's Department, SERGEANT
CHRISTOPHER FRENCH, individually and in his capacity
as an Officer of the Sandoval County Sheriff's Department,
MIKE CONWAY, individually and in his capacity as an Officer
of the Sandoval County Sheriff's Department, GARY TAFOYA,
individually and in his capacity as an Officer of the Sandoval
County Sheriff's Department, MILTON RODRIGUEZ,
individually and in his capacity as an Officer of the Sandoval
County Sheriff's Department, and JOHN DOES, individually and
in their capacity as Officers of the Sandoval County Sheriff's
Department,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before this Court on Defendants' County of Sandoval, Sandoval County Sheriff's Office, Sheriff Rivera, Officers French, Conway and Tafoya's Motion to Dismiss

Conspiracy Claims, First Amendment Claims, Sheriff's Department, Claims for Punitive Damages Against County, Sheriff's Department and Deputies in their Official Capacity and Claims by Plaintiffs Ella Martinez, Cody Tenorio, and Amado Gonzales filed March 24, 2000 (Docket No. 10). The parties have consented, pursuant to 28 U.S.C. §636(c) and Fed.R.Civ.P. 73 to the undersigned to conduct any and all proceedings in this case, including the entry of a final judgment. Defendants seek an order dismissing certain counts of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

**FACTUAL BACKGROUND**

The instant action is a civil action brought pursuant to 42 U.S.C. §1983. Plaintiffs contend that Defendants variously arrested them without probable cause or subjected them to excessive force and/or false imprisonment. Plaintiffs assert that on June 26, 1997 Defendant Sgt. French arrested Plaintiff Fabian Martinez by placing him in handcuffs in the back of French's vehicle. Plaintiff Martinez was fifteen years old at the time. Plaintiffs assert that Defendant French's arrest of Plaintiff Fabian Martinez was not supported by probable cause. Plaintiffs further assert that a small fire broke out due to the engine exhaust heat of Defendant French's vehicle during the time in which Fabian Martinez was restrained therein. The vehicle with Martinez in it were moved by Defendant Deputy Conway while French suppressed the fire.

As described in the complaint, Plaintiff David Dominguez went to the back door of Defendant Sgt. French's police vehicle and opened it to determine the condition of Fabian Martinez. Defendant French shouted at Plaintiff Dominguez to get away from the vehicle. Dominguez shouted back, but did not move. Defendant Deputy Conway then tackled Dominguez, who eluded him and ran. Conway fell while pursuing Dominguez, who was sprayed with Mace by Defendant Deputy Tafoya, who had

2

also arrived at the scene. Plaintiffs contend that Defendant Conway began striking Dominguez with an expandable baton after Defendant Tafoya had taken him to the ground, breaking the baton. Plaintiffs further assert that Dominguez was struck by Defendants French, Conway, and Tafoya with their hands and feet in addition to Conway's use of the baton. Plaintiffs assert that Dominguez' arrest was unlawful.

Plaintiff Dina Tenorio, her six-year-old son Cody Tenorio, Plaintiff Ella Martinez, and Plaintiff Ralph Chavez were part of a crowd who gathered to watch the aforementioned events. These Plaintiffs assert that Defendant Sgt. French drew his weapon and waved it at them and the rest of the crowd. Plaintiffs further assert that French pointed his gun at Plaintiff Cody Tenorio, who was six years old, and stuck his gun in the face of Plaintiff Dina Tenorio. Dina Tenorio was arrested for resisting, evading or eluding an officer by Defendant Deputy Milton Rodriguez at Sgt. French's order. Plaintiff Ralph Chavez was tackled and handcuffed by Defendant French when he moved to the front of the crowd to assess what was happening. He was released to the custody of his aunt at the scene and a referral was made to juvenile authorities.

**STANDARD OF LAW**

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).      "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir.

1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

Plaintiffs argue that Defendants should have filed a motion for more definite statement pursuant to Fed.R.Civ.P. 12(e), rather than a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiffs assert that they should be given the opportunity to amend their complaint, citing New Home Appliance Center, Inc. v. Thompson, 250 F.2d 881, 883 (10th Cir. 1957), and Childs v. National Jewish Center for Immunology and Respiratory Medicine, 129 F.3d 130 (10th Cir. 1997)(unpublished disposition) in support of that claim.[1]

Under Rule 12(b)(6), a district court may dismiss a complaint that fails to comply with Rule 8(a)(2)'s requirement of a "short and plain statement of the claim" if there appears to be no set of facts on which the plaintiff may state a claim for relief. See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n, 891 F.2d 1473, 1480 (10th Cir.1989). If it appears that no amendment of a plaintiff's complaint will satisfy the requirement for stating a claim upon which relief may be granted, then a district court may dismiss the case even without resort to the procedure for amending a complaint under Rule 15(a). See Mountain View Pharmacy v. Abbott Labs., 630 F.2d 1383, 1389 (10th Cir.1980) (noting that permission to amend a complaint need not be given when the "futility of amendment" is "apparent") (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

---

[1]Plaintiffs failed to indicate in their brief that Childs was an unpublished disposition. They also failed to comply with the directive of the 10th Circuit and attach a copy of the opinion to their brief. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until Dec. 31, 1995 or further order. Review of the opinion reveals that it is not persuasive, as it dealt with the dismissal of a *pro se* claim as frivolous and failing to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B) rather than a decision pursuant to Fed.R.Civ.P. 12(b)(6).

4

The Federal Rules have established a liberal standard of "notice pleading" in which "technical forms of pleading" are not required, but instead, a plaintiff's factual pleading must merely contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) & (e)(1). The Supreme Court has explained that the Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). Courts have interpreted this requirement to mean that "factual pleading is required only insofar as it is necessary to place a defendant on notice as to the type of claim alleged and the grounds upon which it rests, thereby enabling a defendant to prepare a responsive pleading." Mountain View Pharmacy, 630 F.2d at 1388. However, the Court may not accept as true those allegations that are conclusory in nature, i.e., which state legal conclusions rather than factual assertions. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."). A complaint has an additional obligation to "apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief." See Perrington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir.1979) (quoted in Monument Builders, 891 F.2d at 1480).

In this instance, Plaintiffs' failure to plead sufficient factual allegations to entitle various of them to relief on certain claims cannot be cured by amending the complaint. In the instances where the Court is granting Defendants' motion to dismiss, Plaintiffs have failed to assert facts which are necessary to the claim, stating only conclusory allegations. In those instances, amending the complaint

5

would be futile. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988)(Fair to assume facts do not exist which, were they not omitted from the complaint, would clearly dominate the case)(quoting O'Brien v. DiGrazia, 544 F.2d 543, 546 n. 3 (1st Cir.1976) cert. denied, 431 U.S. 914 (1977)).

**CONSPIRACY CLAIMS**

Defendants assert that Plaintiffs fail to state valid conspiracy claims pursuant to 42 U.S.C. §1983 and §1985(3). Defendants argue that Plaintiffs have failed to show that there was agreement to violate their civil rights and concerted action toward that end. Plaintiffs argue that the complaint should be construed liberally and that they have made sufficient allegations to sustain their claims.

To plead a conspiracy to violate their constitutional rights under §1983, Plaintiffs must plead facts sufficient to show both a conspiracy and the actual deprivation of a federally protected right. Dixon v. City of Lawton, 898 F.2d 1443, 1449 (10th Cir.1990). Pleadings asserting such a claim, "must specifically present facts tending to show agreement and concerted action." Sooner Products Company v. McBride, 708 F.2d 510, 512 (10th Cir.1983); See also, Hammond v. Bales, 843 F.2d 1320, 1324 (10th Cir.1988); Shaffer v. Cook, 634 F.2d 1259 (10th Cir.1980), cert. denied, 451 U.S. 984 (1981); Norton v. Liddel, 620 F.2d 1375, 1380 (10th Cir.1980). Where plaintiffs fail to plead facts supporting vague claims of a broad conspiracy, the Court need not conjure up unpleaded facts to support the conclusory suggestions of conspiracy. Slotnick v. Staviskey, 560 F.2d 31 (1st Cir.1977), cert. denied, 434 U.S. 1077 (1978); See also Dixon, 898 F.2d at 1449 (Recovery under a §1983 conspiracy theory requires the plaintiff to "plead and prove not only a conspiracy, but also an actual deprivation of rights..." [emphasis added]).

In order to demonstrate the existence of a civil conspiracy, Plaintiffs must show that there was

6

a single plan, the essential nature and scope of which was known to each person who is to be held responsible for its consequences. Snell v. Tunnell, 920 F.2d 673, 702 (10th Cir. 1990) cert. denied 499 U.S. 976 (1991) (citations omitted). An express agreement among all the conspirators is not a necessary element, nor must all of the conspirators foresee the exact nature of the deprivation. Id. Plaintiffs have pleaded no facts tending to show agreement by Defendants or which suggest the existence of a plan to deprive them of their Constitutional rights. Consequently, their §1983 conspiracy claims should be dismissed.

Defendants also argue that, based upon the allegations in the complaint, an action cannot be maintained against them pursuant to 42 U.S.C. §1985. The statute provides for a civil action against those who conspire to deprive others of their civil rights. The statute reads in part:

> (3) Depriving persons of rights or privileges
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. §1985.

Defendants argue that Plaintiffs have failed to adequately allege a conspiracy or to allege that any such conspiracy is related to a racial or other class-based consideration. Defendants are correct

7

in their assertion that Plaintiff fail to state a claim pursuant to 42 U.S.C. §1985(3). §1985(3) does not in itself create any substantive rights. Gallegos v. City and County of Denver, 984 F.2d 358, 362 (10th Cir.) cert. denied 508 U.S. 972 (1993). It merely grants an avenue of relief to plaintiffs who has been deprived of an existing constitutional or federal statutory right. Id.. The Supreme Court has consistently required a showing of a class-based animus in order to establish an action pursuant to §1985. Brown v. Reardon, 770 F.2d 896, 906 (10th Cir. 1985). Under §1985(3), a two-pronged analysis is required. Id. (citing United Brotherhood of Carpenters and Joiners v. Scott, 463 U.S. 825 (1983)). First, state involvement in the conspiracy must be alleged; second, there must be a showing of class-based, invidious, discriminatory animus. Id. In this case, Plaintiffs have alleged state involvement; however, they have not made any allegation that they were subjected to class-based discrimination.

Plaintiffs argue that the Court should infer the necessary discriminatory animus from the fact that they all bear Hispanic surnames. Even under liberal pleading standards, that fact alone is insufficient. Plaintiffs have not pleaded facts tending to show, by either direct or circumstantial evidence, that there was a meeting of minds or agreement among certain of the Defendants, discriminatorily motivated, to deprive them of equal protection. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir.1990) ("A civil conspiracy requires the combination of two or more persons acting in concert"); Dixon, 898 F.2d at 1447 ("§ 1985(3) requires proof that a conspirator's action was motivated by a class-based, invidiously discriminatory animus"). Without such evidence, even a "common sense approach" would not give rise to the inference that a discriminatorily motivated conspiracy existed which acted to deprive Plaintiffs of equal protection. See General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375, 391 (1982) (§1981 claim requires a showing of

purposeful discrimination); Batson v. Kentucky, 476 U.S. 79, 93 (1986) (in order to establish an equal protection violation, plaintiff must demonstrate purposeful discrimination). Because Plaintiffs have not alleged any facts tending to show that Defendants' actions were motivated by a class-based discriminatory animus, Defendants' motion to dismiss Plaintiffs' §1985(3) conspiracy claims should also be granted.

**FIRST AMENDMENT**

Defendants contend that Plaintiffs have failed to state a claim for violation of their First Amendment Rights. Plaintiffs Fabian Martinez, David Dominguez, Dina Tenorio, and Ralph Chavez allege that their First Amendment Rights were violated. These Plaintiffs each assert that their false arrest was in violation of 42 U.S.C. §1983 in that their First and Fourth Amendment rights were violated. Complaint, ¶13, 21, 28, and 32.

The First Amendment to the Constitution provides in part that "Congress shall make no law ... abridging the freedom of speech ... or the right of the people peaceably to assemble." These rights have long been made applicable to the states by the Fourteenth Amendment. Gitlow v. New York, 268 U.S. 652, 666 (1925) (speech); DeJonge v. Oregon, 299 U.S. 353, 364 (1937) (assembly). Public places, such as the sidewalk, streets and parks, which are historically associated with the free exercise of expressive activities, are considered without more to be "public forums"; in such places, the government's ability to permissibly restrict expressive conduct is very limited. United States v. Grace, 461 U.S. 171, 177 (1983). But cf. Brown v. Palmer, 944 F.2d 732, 739 (10th Cir.1991) (*en banc*).

"Generally speaking, government action which chills constitutionally protected speech or expression contravenes the First Amendment." Wolford v. Lasater, 78 F.3d 484, 488 (10th Cir. 1996)

9

(citing Riley v. National Federation of the Blind of North Carolina, 487 U.S. 781, 794 (1988); Gehl Group v. Koby, 63 F.3d 1528, 1534 (10th Cir.1995)). In the context of a government prosecution, a decision to prosecute which is motivated by a desire to discourage protected speech or expression violates the First Amendment and is actionable under §1983. Id. The key question in such an action is whether retaliation for the exercise of First Amendment rights was the "cause" of the prosecution and the accompanying injuries to plaintiff. Id. (citing Rakovich v. Wade, 850 F.2d 1180, 1189 (7th Cir.), cert. denied, 488 U.S. 968 (1988)).

In this case, Plaintiffs allege that David Dominguez and Dina Tenorio approached a police vehicle and opened the door to determine the condition of their relative Fabian Martinez. Complaint, ¶17. Defendant Sgt. French ordered Dominguez to get away from the vehicle, to which he responded negatively. Dominguez was then arrested. Plaintiffs have failed to state a First Amendment claim on behalf of Plaintiff Martinez. They do not allege that Martinez engaged in any speech or sought to assemble for any purpose. In contrast, Dominguez' speech to Defendant French may fall within the protection of the First Amendment. See Houston v. Hill, 482 U.S. 451, 461, 462-3 (1987) ("[T]he First Amendment protects a significant amount of verbal criticism and challenge directed at police officers...." "The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.)

Plaintiffs allege that Plaintiff Dina Tenorio was arrested for resisting, evading or alluding an officer for failing to step back when Defendant Sgt. French drew his weapon and stuck it in her face as she stood in a crowd of women and children who had gathered at the scene. Complaint, ¶25, 26. They further allege that Defendant Sgt. French tackled Plaintiff Ralph Chavez and handcuffed him

when he moved to the front of the crowd to assess the events. Id. Plaintiffs do not specify how Defendants actions violated their First Amendment rights. Further, the complaint does not allege that either Tenorio or Chavez engaged in any speech. However, the First Amendment also protects citizens' right to peaceably assemble. The facts alleged in the complaint could state a claim that Defendants violated Plaintiffs Tenorio and Chavez' First Amendment right to assemble. Consequently, Defendants' motion to dismiss is not well taken with regard to Plaintiffs Tenorio, Chavez, or Dominguez. However, the motion will be granted with regard to Plaintiff Martinez.

**ELLA MARTINEZ, DINA TENORIO as mother and next friend of CODY TENORIO, and AMADO GONZALES**

Defendants assert that Plaintiffs Ella Martinez, Dina Tenorio in her capacity as mother and next friend of Cody Tenorio, and Amado Gonzeles have failed to state valid constitutional claims. Defendants state that not a single factual allegation in the complaint involves Amado Gonzales. Plaintiffs request that they be permitted to amend the compliant to include Gonzales. Plaintiffs further state that Gonzales was "present at the general melee and was subject to those same abuses described in the complaint". Plaintiffs have failed to state a constitutional violation on behalf of Amado Gonzales and Defendants' motion to dismiss will be granted with regard to him. The motion will be denied with regard to Martinez, Dina Tenorio, and Cody Tenorio.

Defendants argue that the fact that the complaint alleges that Defendant French pointed his pistol at these Plaintiffs is insufficient to state a constitutional violation. The Supreme Court has instructed that "all claims that law enforcement officers have used excessive force--deadly or not--in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Connor, 490 U.S. 386. 395

(1989). It is well established that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. at 396. To determine whether the force used is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake. See id.; Tennessee v. Garner, 471 U.S. 1, 8 (1985). Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559 (1979), "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396. Therefore, "[u]se of force must be judged on a case-by-case basis 'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" Post v. City of Fort Lauderdale, 7 F.3d 1552, 1559 (11th Cir.1993) (quoting Graham, 490 U.S. at 396).

"The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 396-97. The reasonableness inquiry is also an objective one. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. "An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."

12

Id. at 397; see Scott v. United States, 436 U.S. 128, 138(1978). Furthermore, "Fourth Amendment jurisprudence has staked no bright line for identifying force as excessive," and "[t]he hazy border between permissible and forbidden force is marked by a multifactored, case-by-case balancing test," and "[t]he test requires weighing of all the circumstances." Smith v. Mattox, 127 F.3d 1416, 1419 (11th Cir.1997).

Under the circumstances alleged by the complaint, where an officer drew his firearm and pointed it at an unspecified number of citizens, including children, who had gathered to watch an arrest but were not interfering with the police, the Court cannot say that Plaintiffs have failed to state a constitutional violation as a matter of law. Consequently, Defendants motion to dismiss will be denied with regard to Plaintiffs Ella Martinez and Dina Tenorio as next friend of Cody Tenorio. The motion will be granted with regard to Amado Gonzales.

**PUNITIVE DAMAGES**

Defendants assert that Plaintiffs claims for punitive damages against Sandoval County and against the Defendant officers in their official capacities are barred by law, citing City of Newport v. Fact Concerts, Inc., 453 U.S. 147, 271 (1981). Plaintiffs respond that they do not seek damages pursuant to 42 U.S.C. §1983, but merely make a general allegation that punitive damages are justified. Without addressing Plaintiffs' logic regarding the availability of punitive damages, the Court agrees that punitive damages are not available against the County or the officers in their official capacities. City of Newport, 453 U. S. at 267 (punitive damages not awarded against governmental entity); Brandon v. Holt, 469 U. S. 464, 471-73 (1985) (suits against government officials in their official capacity are treated as suits against the government itself).

**DEFENDANT SHERIFF'S OFFICE**

Defendants assert, and Plaintiffs concede, that the Defendant Sandoval County Sheriff's Office should be dismissed from this action. The motion will therefore be granted with regard to the Sheriff's Office.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is granted in part. Plaintiffs' conspiracy claims pursuant to 42 U.S.C. §1983 and §1985(3) are dismissed. Further, the Defendant Sandoval County Sheriff's Office is dismissed. Further, Plaintiffs' claims for punitive damages against Defendant Sandoval County and the individual Defendants in their official capacities are dismissed. In addition, Plaintiff Fabian Martinez' claim that his First Amendment rights were violated is dismissed. Lastly, Plaintiff Amado Gonzales is dismissed from this suit, as no claim has been stated on his behalf. In all other respects, the motion is denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**